UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARRELL TATE,

          Plaintiff,

    v.

PIERCE COUNTY CORRECTIONS HEALTH CLINIC; PIERCE COUNTY JAIL; and PIERCE COUNTY, a governmental entity of the State of Washington,

          Defendants.

CASE NO. C11-5418BHS

ORDER DISMISSING PLAINTIFF'S FEDERAL CLAIMS AND REMANDING REMAINING STATE LAW CLAIMS

This matter comes before the Court on Defendants' motion to dismiss all of Plaintiff's ("Tate") claims. Dkt. 7 The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Defendants' motion to dismiss as to Tate's federal claims and remands his remaining state law claims to state court.

## I. PROCEDURAL HISTORY & FACTUAL BACKGROUND

Defendants removed this matter from state court based on federal question jurisdiction. Dkt. 1. Tate's complaint alleges several state law claims and two federal claims (Eighth Amendment, cruel and unusual punishment, and a claim for failure to train). Dkt. 1, Ex. A (Complaint).

On June 9, 2011, Defendants moved to dismiss each of Tate's claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) and 12(b) generally. Dkt. 7.

ORDER - 1

On June 29, 2011, Tate responded in opposition to Defendants' motion to dismiss. Dkt. 11. On July 8, 2011, Defendants replied.

This matter arises from Tate's alleged treatment or lack thereof for his medical impairments while he was incarcerated in the Pierce County corrections system between January 3 and February 26, 2008. In short, at all relevant times, Tate alleges that he did not receive sufficient medical treatment for his medical conditions, which resulted in, among other things, his left great toe becoming infected. Tate submitted several kites to the jail regarding his medical needs. *See* Dkt. 11, Ex. 4 at 29-35 (copy of kites). Tate did not file any formal grievence, nor did he file any administrative appeal regarding the issues described in his kites.

## II. DISCUSSION

**A. Motions to Dismiss**

**1. Rule 12(b)(6) Standard**

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations in the complaint are taken as admitted and the complaint is construed in a plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

ORDER - 2

## 2. Exhaustion, Unenumerated 12(b) Motions

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (treating such as a matter in abatement) (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119–20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

Therefore, Defendants' unenumerated 12(b) motion is proper with respect to their motion to dismiss Tate's federal claims for failure to exhaust administrative remedies pursuant to the PLRA.

**B.     Defendants' Motion to Dismiss Tate's Federal Claims**

The PLRA's purpose is two-fold. First, it seeks to eliminate unwarranted federal court interference with prison administration by affording corrections officials time to internally address complaints. *Porter v. Nussle*, 543 U.S. 516, 525 (2002). And second, it reduces the quantity and improves the quality of prisoner suits. *Id.* at 524. Permitting a plaintiff to proceed with unexhausted § 1983 claims undermines both these purposes because in doing so the Court wastes valuable judicial resources by prematurely meddling in prison administration, an area "peculiarly within the province of the legislative and executive branches of government." *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). In such cases, therefore, dismissal is proper.

Here, administrative remedies are available because Pierce County has an established grievance system for addressing grievances like Tate's. Declaration of Pam Lacipierre, Ex. A at 1 (copy of Pierce County process for formal grievances and appealing such complaints). Thus, the threshold issue before the Court regarding Tate's federal claims is whether he properly utilized the established grievance system. He did not. While Tate did submit multiple Kites, such does not conform with the proper, formal grievance protocol of Pierce County for those incarcerated as Tate was. *See id*. Therefore, he did not exhaust his administrative remedies, which was required before bringing this suit.

Because of Tate's failure to exhaust, the Court dismisses his federal claims under the unenumerated Rule 12(b) standard.

**C.     Remand**

A district court "may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. 1367. Having dismissed herein Tate's federal claims, the

Court declines to exercise supplemental jurisdiction and remands Tate's remaining state law claims in this matter to state court.

## III. ORDER

Therefore, it is hereby **ORDERED** that

(1) Defendants' motion to dismiss Tate's claims (Dkt. 7) is **GRANTED** as to Tate's federal claims but not his state law claims, dismissal is **without prejudice**; and

(2) Tate's remaining state law claims are **REMANDED** to state court for the reasons discussed herein.

DATED this 10th day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5